IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-0536 |
| THE ALLEGHENY COUNTY HOUSING ) | |
| AUTHORITY, ) | Judge Nora Barry Fischer |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On this 23rd day of October, 2007, it is hereby ORDERED that, upon consideration of Plaintiff's "Alternative Motion for New Trial Pursuant to FRCP #50 Motion for New Trial Pursuant to FRCP #59/ Motion for Relief from Judgment/ Court Order Pursuant to FRCP #60" (Docket No. 88), Defendant's response (Docket No. 91), and Plaintiff's Reply thereto (Docket No. 92), and for the following reasons, Plaintiff's Motion [DE 88] is DENIED.

In his Motion (Docket No. 88), Plaintiff has requested that this Court reconsider its Order of May 31, 2007 (Docket No. 81), wherein this Court denied Plaintiff's Motion to Reconsider that part of Judge Hardiman's March 9, 2006 Order (Docket No.47) dismissing previous defendant, the Department of Housing and Urban Development ("HUD"), and that part of Judge Conti's August 19, 2004 Order (Docket No. 10) dismissing another previous defendant, Green Meadows Apartments.

Plaintiff[1] brings this motion (Docket No. 88) pursuant to Rule 50 of the Federal Rules of

---

[1] Plaintiff in this case is *pro se*. The Court notes that, *pro se* litigants are afforded some latitude in regard to pleadings and procedures (*See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594 (1972)). Nonetheless, even

Civil Procedure. However, this rule provides in pertinent part that the Court may find that a party is entitled to a *new trial*. Fed. R. Civ. P. 50 (emphasis added). Because Rule 50 pertains to motions for new trial, and in this case there has been no trial to date, Rule 50 does not apply to this case in its present posture. Therefore, Plaintiff's Motion brought under Rule 50 is not appropriate, and is therefore DENIED.

Plaintiff also seeks reconsideration of this Court's May 31, 2007 Order pursuant to Rule 59 of the Federal Rules of Civil Procedure. However, Fed. R. Civ. P. 59(e) requires that such a motion be brought within ten (10) days of the Order of the Court which the party seeks to have reconsidered. Here, as discussed above, Plaintiff is seeking reconsideration of this Court's Order dated May 31, 2007. However, the instant motion was not filed until July 16, 2007, considerably past ten days of this Court's Order. Therefore, Plaintiff's Rule 59 Motion is likewise DENIED.

Finally, Plaintiff brings this Motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. Here, Plaintiff has essentially brought a Motion for Reconsideration of this Court's May 31, 2007 Order. "The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to introduce newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), citing *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1983). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp. 2d 236 (W.D. Pa. 1996).

---

considering this Court's liberal construction of Plaintiff's pleadings, he has missed deadlines and has attempted to use court procedures that simply do not apply.

As such, a party bringing a motion to reconsider under Rule 60 bears a heavy burden. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991) ("Motions for relief from judgment seek extraordinary relief and should be granted only if extraordinary justifying circumstances are present"). Rule 60 provides, in relevant part, that a party may be relieved from judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a *new trial* under Rule 59(b)" Fed.R.Civ.P.60 (emphasis added).

Plaintiff would be entitled to such relief, for purposes of Rule 60 if new evidence, which was material and not merely cumulative and could not have been discovered prior to this Court's Order dated May 31, 2007, was discovered and presented, and would have likely changed the outcome of said Order. *See Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125 (3d Cir.1995). In this case, no such evidence has been offered. While Plaintiff invokes Rule 60 and contends in his Motion that he is entitled to be relieved of this Court's May 31 Order, Plaintiff has not, in fact, offered any newly discovered evidence, but rather has provided only citation to case law and bald allegations[2].

Here again, there has been no trial to date, in this case, hence there can be no new trial. However, under Rule 60(b)(2), a court may grant reconsideration of a final order if a party discovers new evidence that could not have otherwise been discovered prior to this Court's May

---

[2] Specifically, Plaintiff offers case law which he contends he recently discovered. However, none of the case law cited by Plaintiff is new since the filing of this Court's May 31, 2007 Order, nor is it relevant to reconsideration of this Court's Order. (*See e.g., Griffin v. Maryland*, 378 U.S. 130 (1964); *Screws v. United States*, 325 U.S. 91 (1945); *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961); etc.) Plaintiff also offers citations to federal law, including 42 U.S.C. § § 1981, 1982, 1983 and 2000d. However, Plaintiff has already advised the Court of its allegations under these federal statutes in his Amended Complaint. Docket no. 47. Furthermore, in addition to these citations, Plaintiff offers only allegations, without evidentiary basis. For example, Plaintiff contends, in the instant Motion, that Defendant and Green Meadows deprived Plaintiff of his right to procedural due process without providing any evidence of such deprivation. Docket No. 88, at 8. Allegations such as this are merely that-allegations. They are not evidence at all and, therefore, cannot constitute "new evidence". The Plaintiff has presented no new material evidence discovered after this Court's May 31, 2007 Order.

31, 2007 Order, or to correct a manifest error of law or fact. In this case, Plaintiff contends that Judges Hardiman and Conti committed errors of law in dismissing previous defendants HUD and Green Meadows from the instant action, respectively. However, on May 31, 2007, this Court denied Plaintiff's first Motion for Reconsideration of Judge Hardiman's dismissal of HUD and Judge Conti's dismissal of Green Meadows, holding that Plaintiff's Motion for Reconsideration was untimely. Plaintiff has offered no new evidence since this Court's May 31, 2007 Order that would warrant such extraordinary relief and reconsideration of said order. As such, Plaintiff's Motion for Reconsideration pursuant to Rule 60 is DENIED.

Additionally, Plaintiff has raised claims against two dismissed parties, Green Meadows (dismissed from this action March 9, 2006) and HUD (dismissed from this action on August 19, 2004), and yet has failed to serve Green Meadows, HUD, or their respective counsel with his "Alternative Motion for New Trial Pursuant to FRCP #50 Motion for New Trial Pursuant to FRCP #59 Motion for Relief from Judgment/ Court Order Pursuant to FRCP #60" in violation of Rule 5(a) of the Federal Rules of Civil Procedure. This is yet another reason why Plaintiff's Motions [DE 88] are DENIED.

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc:   all parties and counsel of record